887 F.2d 1080
 1989 Copr.L.Dec. P 26,472, 15 Fed.R.Serv.3d 397,
12 U.S.P.Q.2d 1638
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONAL MEDICAL ADVISORY SERVICES, INC., a Delaware
Corporation; Medical Cost Reduction Systems,
Inc., a Delaware Corporation; Medical
Claims Review Services, Inc.,
Plaintiffs-Appellees,
v.
Earl J. KOLB, M.D., Defendant-Appellant,
and
Rosemary KOLB; Francis P. Murphy, Defendants,
v.
Ronald E. GOTS; Barbara A. Gots; Thomas McCarthy; John
Madigan; Consultec, Inc.; Workers' Compensation
Fund, State of West Virginia, Third
Party Defendants.
NATIONAL MEDICAL ADVISORY SERVICES, INC., a Delaware
Corporation; Medical Cost Reduction Systems,
Inc., a Delaware Corporation; Medical
Claims Review Services, Inc.,
Plaintiffs-Appellants,
v.
Earl J. KOLB, M.D., Defendant-Appellee,
and
Rosemary KOLB; Francis P. Murphy, Defendants,
v.
Ronald E. GOTS; Barbara A. Gots; Thomas McCarthy; John
Madigan; Consultec, Inc.; Workers' Compensation
Fund, State of West Virginia, Third
Party Defendants.
 Nos. 88-3575, 88-3618.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 7, 1989.
Decided: Sept. 29, 1989.
 
 Sharon T. Nelson, for appellant.
 Charles M. Tobin (Tobin & Associates, on brief), for appellees.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 BUTZNER, Senior Circuit Judge:
 
 
 1
 Dr. Earl Kolb appeals the district court's judgment finding him liable for $2,000 in statutory damages for infringing a copyright on a computer program owned by National Medical Advisory Services, Inc. (NMAS), and for $45,000 for breaching his fiduciary duty to NMAS. NMAS cross-appeals the district court's order denying its motion for attorney fees. We reverse the district court's award of statutory damages for Kolb's copyright infringement and affirm the district court's judgment in all other respects. We also affirm the court's order denying attorney fees.
 
 
 2
 * NMAS provides medical consulting services to attorneys and insurance companies. Dr. Ronald Gots, sole shareholder of NMAS, engaged Dr. Kolb as a medical consultant to NMAS. Kolb and Frank Murphy developed Medical Cost Containment and Utilization Review (MCC/UR), a computer program that analyzes the validity of health care claims. In April 1984, Kolb and Murphy assigned the program to Medical Cost Reduction Systems, Inc. (MCRS), an affiliate of NMAS, and signed a nondisclosure agreement. Kolb served as president and on the board of directors of MCRS.
 
 
 3
 Through various maneuvers which are not at issue here, Gots gained control of MCRS, and in June 1985 Kolb was not re-elected president of MCRS. After being removed from office but while still an employee and director, Kolb wrote an angry letter to Gots threatening the demise of MCRS. In July of 1985, Kolb wrote letters to two MCRS customers asking them to write to Gots expressing their concern over the change in management at MCRS. In October of 1985, Kolb met with personnel of State Farm Insurance Company, a client of MCRS, to seek financial support for a new company to be formed by Kolb. On October 4, 1985, Kolb filed a copyright application for the MCC/UR program. He registered the copyright in his and Murphy's names. In December of 1985, Kolb resigned from the board and employment at MCRS.
 
 
 4
 After leaving MCRS, Kolb agreed with Gancom Corp., a competitor of MCRS, to prepare a bid for the West Virginia Workers' Compensation Fund to design a health cost containment and utilization review computer program. NMAS's expert witness testified that based on his examination of the Gancom proposal, the program it contemplated to supply was a copy of the MCC/UR program. Kolb's daughter, Lisa, testified that she took a copy of the program when she left employment with MCRS and attempted unsuccessfully to demonstrate the copy to Gancom.
 
 
 5
 After discovering that Kolb had copyrighted the MCC/UR program, NMAS registered the copyright of the MCC/UR program on October 9, 1986. NMAS subsequently instituted this action seeking a declaratory judgment determining the rightful owner of the copyright of the program. It also sought relief for copyright infringement, unfair competition, and wrongful disclosure of trade secrets.
 
 
 6
 The district court found that MCRS was the owner of the copyright and that Kolb had infringed on MCRS's copyright. The court determined that NMAS had suffered no actual damages but found Kolb liable for statutory damages of $2,000 under 17 U.S.C. Sec. 504(c)(2). The district court also held that Kolb had breached his fiduciary duty to MCRS from July 1985 until he resigned and awarded damages of five months salary or $40,000 and $5,000 in punitive damages. The court denied Kolb's motion for reconsideration.
 
 
 7
 After judgment was entered, MCRS moved for attorney's fees pursuant to 17 U.S.C. Sec. 505. The district court denied the motion on the grounds that MCRS had not registered its copyright prior to the infringement and was prohibited from being awarded attorney's fees under 17 U.S.C. Sec. 412.
 
 II
 
 8
 Kolb challenges the district court holding that Kolb infringed MCRS's exclusive copyright rights under 17 U.S.C. Sec. 106. A plaintiff must prove two elements to establish copyright infringement: the plaintiff must own the copyright, and the defendant must copy plaintiff's work. M. Kramer Mfg. Co. v. Andrews, 783 F.2d 421, 445 (4th Cir.1986); 3 M. Nimmer & D. Nimmer, Nimmer on Copyright Sec. 13.01 (1988). Only the second element of copying is at issue in this appeal. Copying may be proved by direct evidence or by indirect evidence of access to the copyrighted work and substantial similarity between the copyrighted work and defendant's work. M. Kramer Mfg. Co., 783 F.2d at 445; 3 M. Nimmer & D. Nimmer, Nimmer on Copyright Sec. 13.01[B] (1988). Whether the defendant has copied the work is an issue of fact; under Federal Rule of Civil Procedure 52(a), the district court's findings must be upheld on appeal unless "clearly erroneous." 3 M. Nimmer & D. Nimmer, Nimmer on Copyright Sec. 12.12 (1988).
 
 
 9
 The district court found two acts of copyright infringement. The first act was "the distribution of the copy of the work to Gancom, which was done by Lisa Kolb ..."[1] Kolb argues that the computer program was not distributed to Gancom so as to violate MCRS's exclusive right to distribute copies under 17 U.S.C. Sec. 106(3). Specifically, Kolb argues that he did not distribute copies to Gancom by "sale or other transfer of ownership, or by rental, lease, or lending" as the statutory language requires.
 
 
 10
 Even if Kolb did not effect a distribution in violation of 17 U.S.C. Sec. 106(3), MCRS had an exclusive right under Sec. 106(1) "to reproduce the copyrighted work in copies or phonorecords." The evidence sufficiently supports a finding of direct copying[2] in violation of Sec. 106(1). Lisa Kolb admitted that she copied the program when she left employment at MCRS in 1985. The district court found that Lisa had acted "in conjunction with and at the behest of Earl Kolb" in attempting to show the copy to Gancom.[3] The district court's finding that Kolb infringed MCRS's rights when his daughter copied the program to show Gancom is not clearly erroneous.
 
 
 11
 The second act of copyright infringement found by the district court was "the use of this copyrighted work by Earl Kolb in connection with the preparation of Gancom's proposal to the West Virginia Workman's Compensation Board." The court based this finding on an expert witness's testimony that the program expressed in the Gancom/Kolb proposal was 98-99% likely to be the MCC/UR.
 
 
 12
 Kolb concedes that the Gancom/Kolb proposal plagiarized the prior Gancom/MCRS proposal. However, he argues that the proposal can not be classified as a copy of the MCC/UR program, and thus does not violate NMAS' exclusive right under Sec. 106(1) to "reproduce the copyrighted work in copies or phonorecords." Reading together the definitions of "copies" and "fixed" under 17 U.S.C. Sec. 101,[4] the proposal qualifies as a material object in which the work was embodied in a sufficiently permanent form to allow it to be perceived. See Walker v. University Books, Inc., 602 F.2d 859, 863-64 (9th Cir.1979). The district court's finding that the proposal prepared by use of the MCC/UR program was a copy is not clearly erroneous.
 
 III
 
 13
 Kolb also challenges the district court's award of $2,000 in statutory damages for copyright infringement. Title 17 U.S.C. Sec. 504(c)(2) authorizes the award of statutory damages, but 17 U.S.C. Sec. 412 provides that these damages are available only if the copyright is registered prior to the commencement of the acts of infringement.[5] NMAS did not register the copyright of the MCC/UR until October 1986, after the acts of infringement occurred. It argues that Kolb's registration of the MCC/UR in October 1985 satisfies the statutory registration requirement. This argument fails because the district court properly held that the copyright registration by Kolb in October of 1985 was void. Because the only valid registration was made after the acts of infringement, the award of $2,000 in statutory damages to NMAS is reversed.
 
 IV
 
 14
 The appellees cross-appeal the district court's denial of MCRS's motion for attorney's fees. The remedy of attorney's fees allowed by 17 U.S.C. Sec. 505 is limited by 17 U.S.C. Sec. 412. Under Sec. 412, the court may not award attorney's fees if the infringement commenced before the registration of the copyright. The same analysis concerning statutory damages in part III applies. Because Kolb's registration was void, and NMAS's registration occurred after the acts of infringement, the appellee is not entitled to attorney's fees.
 
 V
 
 15
 The district court held that Kolb breached his fiduciary duty of loyalty as employee, officer, and director of MCRS and awarded $40,000 in compensatory damages and $5,000 in punitive damages. Kolb argues that he had no notice of the claim of breach of fiduciary duty. It is true that the complaint did not include a cause of action for breach of fiduciary duty. Under Fed.R.Civ.P. 15(b), however, issues not raised by the pleadings but tried by express or implied consent of the parties are treated as though they were raised in the pleadings. A party may amend the pleadings to conform to the evidence, but "failure so to amend does not affect the result of the trial of these issues." Fed.R.Civ.P. 15(b). Here, the issue of corporate disloyalty arose in Kolb's deposition when Kolb admitted to a breach of fiduciary duty. The parties specifically agreed in the pretrial order that "plaintiffs propose to prove that Earl Kolb in spite of his agreements to the contrary and common law, breached his duties of loyalty to Plaintiffs ..." Kolb was cross-examined at trial regarding evidence of acts disloyal to MCRS. Clearly, then, Kolb had sufficient notice that the fiduciary duty question was an issue at trial.
 
 
 16
 The district court based its award of $40,000 in compensatory damages on Kolb's salary from July 1985 through November 1985. Kolb challenges this award by arguing first that the record shows no evidence of disloyal acts before October 1985. The district court based its finding that Kolb's disloyalty began in July 1985 on a letter from Kolb to Gots dated July 5, 1985. Kolb stated in the letter that State Farm, a client of MCRS, will "consider a law suit against MCRS ... This would be a stake through the heart of MCRS." In his deposition, Kolb admitted that this letter was a breach of fiduciary duty. The evidence supports the district court's finding that the damages began in July with the letter from Kolb to Gots.
 
 
 17
 Kolb also argues that the damage award was based on the salary he received from both NMAS and MCRS rather than limited to the salary relating to his work for MCRS. This argument has no merit because Kolb fails to show that the court's decision to base the damage award on the sum total of his paycheck was clearly erroneous. No evidence indicated that Kolb's single paycheck was allocated partially to NMAS and partially to MCRS. We affirm the district court's holding of Kolb's liability for $45,000 in damages for breach of his fiduciary duty to MCRS.
 
 
 18
 AFFIRMED IN PART; REVERSED IN PART.
 
 
 
 [1]
 The district court does not specify the subsection of 17 U.S.C. Sec. 106 that this act violated
 17 U.S.C. Sec. 106 states in pertinent part:
 Subject to sections 107 through 118, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:
 (1) to reproduce the copyrighted work in copies or phonorecords;
 * * *
 (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending.
 
 
 [2]
 Because the evidence indicates direct copying, the court did not need to consider the access and substantial similarity factors
 
 
 [3]
 The fact that the computer program did not appear on the screen during Lisa Kolb's meeting with Gancom is irrelevant to whether the program was copied in violation of Sec. 106(1)
 
 
 [4]
 17 U.S.C. Sec. 101 states in pertinent part:
 "Copies" are material objects, other than phonorecords, in which a work is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. The term "copies" includes the material object, other than a phonorecord, in which the work is first fixed.
 * * *
 A work is "fixed" in a tangible medium of expression when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration. A work consisting of sounds, images, or both, that are being transmitted, is "fixed" for purposes of this title if a fixation of the work is being made simultaneously with its transmission.
 
 
 [5]
 17 U.S.C. Sec. 412 states in pertinent part:
 In any action under this title ... no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for--
 (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration.